[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12551

_____

D. C. Docket No. 8:10-cv-02464-SDM-AEP

BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation,
as successor in interest to Colonial Bank
by asset acquisition from the FDIC as Receiver
for Colonial Bank,

Plaintiff-Appellee,

versus

LAWRENCE T. MAXWELL,
individually,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 19, 2013)

Before CARNES, HULL, and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal involves Maxwell's challenge to the district court's refusal to set aside the default judgment against Maxwell. Maxwell makes two arguments on appeal: first, that the district court erred in refusing to set aside the default judgment; and second, that the district judge erred with respect to the amount of damages (i.e., the amount of the deficiency judgment) by limiting discovery and limiting the evidence to the fair market value of the collateral purchased by BB&T in the foreclosure sale.

The relevant background facts can be stated concisely. BB&T sued Maxwell as guarantor of the note secured by certain real estate. Despite proper service, Maxwell failed to answer the complaint, which resulted in the entry of a default judgment on January 6, 2011. On July 27, 2011, Maxwell filed a motion to set aside the default judgment. The district court denied the motion to set aside the default judgment as to liability, but permitted Maxwell to challenge the fair market value of the collateral purchased by BB&T at the foreclosure sale, and held a hearing at which evidence of the fair market value of the collateral was considered, and the amount of the deficiency judgment determined by the district court. We

2

address Maxwell's two arguments in turn.[1]

## DISCUSSION

### A.  Did the district court err in refusing to set aside the default judgment?

The appropriate standard for challenging a district court's refusal to set aside

a default judgment was set forth in our opinion, In Re Worldwide Web Systems,

Inc., 328 F.3d 1291 (11th Cir. 2003).  There, we noted that our standard of review

of a district court's denial of a motion to set aside a default judgment was for abuse

of discretion.  Id. at 1295.  We set forth the appropriate standard as follows:

> To establish mistake, inadvertence or excusable neglect made under
> Rule 60(b)(1), a defaulting party must show that: (1) it had a
> meritorious defense that might have affected the outcome; (2) granting
> the motion would not result in prejudice to the non-defaulting party;
> and (3) a good reason existed for failing to reply to the complaint.

Id. (quotations and citations omitted).  The district court held that Maxwell had

failed to satisfy either the first prong (a meritorious defense that might have

affected the outcome), or the third prong (good reason for failing to reply to the

complaint).  Maxwell challenges both rulings, and we address each in turn.

Maxwell's position that he did assert a meritorious defense relies primarily

---

[1]    We reject BB&T's jurisdictional argument.  We believe that Maxwell's notice of appeal reflected an overriding intent to appeal not only the amount of the deficiency judgment, but also the district court's denial of his motion to set aside the default judgment with respect to liability.

upon his argument that the district court erred when it held that BB&T's allegations of ownership of the note should be deemed admitted by Maxwell's failure to answer or respond to the complaint. We reject Maxwell's argument in this regard. Paragraph 8 of the complaint alleges that BB&T was the owner of the note by virtue of BB&T's acquisition of the assets of Colonial Bank. We readily conclude that the allegations of the complaint raise a reasonable inference that BB&T is the owner of the note, and that this is all that is required under notice pleading.[2] Thus, BB&T's ownership was deemed admitted, and Maxwell has failed to satisfy the requirement of showing that it had a meritorious defense that might have affected the outcome.

Although the foregoing failure of Maxwell to show a meritorious defense would be sufficient to warrant affirming the district court's decision denying Maxwell's motion, we also agree with the district court that Maxwell failed to satisfy the third prong of the standard – i.e., Maxwell failed to demonstrate that a good reason existed for his failure to respond to the complaint. We cannot conclude that the district court abused its discretion in holding that Maxwell's

---

[2]    We reject without need for discussion Maxwell's argument that the concept of ownership is a legal concept, and not a fact which is deemed admitted by Maxwell's default. We also reject without need for further discussion Maxwell's argument that BB&T's allegations conflict with the exhibits attached to the complaint.

4

default was not excused by the mere fact that he was at the time engaged in other litigation. We also note that Maxwell ignored multiple notices: he ignored proper service of process of the complaint, notice of the motion for default, and notice of the default judgment itself.

For these reasons, we cannot conclude that the district court abused its discretion in refusing to set aside the default judgment as to liability. We turn next to Maxwell's challenge to the amount of the deficiency judgment.

B.　Did the district court err with respect to the amount of the deficiency judgment by limiting discovery and evidence to the value of the collateral?

The parties agree that our standard of review with respect to this issue is abuse of discretion. As noted above, the district court denied Maxwell's motion to set aside the default judgment, but did permit Maxwell to challenge the amount of the deficiency judgment, by challenging the price paid for the collateral by BB&T at the foreclosure sale. The district court limited discovery and limited the evidentiary hearing to a determination of the fair market value of the collateral at the time of the foreclosure sale. Maxwell argues on appeal that the district court abused its discretion in thus limiting discovery and the evidence. He argues that the amount of the indebtedness owed (and thus the amount of the deficiency judgment) should be reduced by any partial satisfaction of the indebtedness from

any source.  The only possible other source suggested by Maxwell is the FDIC.

Maxwell argues that, pursuant to the Shared-Loss component of the Purchase and

Assumption Agreement between BB&T and FDIC, losses incurred by BB&T with

respect to the assets acquired from Colonial Bank would be shared by FDIC.  In

other words, Maxwell argues that he should have been permitted to engage in

discovery with respect to the possibility that FDIC might have made payments to

BB&T in partial satisfaction of this and other loans acquired by BB&T from

Colonial Bank.

After the district court permitted limited discovery by Maxwell focused on

the fair market value of the collateral, Maxwell did seek the expanded discovery

described above.  The district court denied such expanded discover, relying in part

upon the fact that Maxwell's motion to set aside default judgment "argued only that

the judgment was too large by [sic] the value of the property."  Docket 24, at 1.

We have carefully reviewed Maxwell's motion to set aside the default judgment,

and we cannot conclude that the district court abused its discretion in reading that

document as arguing only that the deficiency judgment should be reduced because

BB&T paid less than fair market value for the collateral and the foreclosure sale.

We cannot conclude that the district court abused its discretion in holding that

Maxwell failed to timely raise the new argument about other sources of partial

6

satisfaction of the indebtedness, and thus waived further pursuit thereof.

Moreover, the district court sensed the futility of such expanded litigation, and we

agree.  If indeed the Purchase and Assumption Agreement did in fact result in

FDIC payments to BB&T allocable to losses incurred by BB&T with respect to the

subject loan, that same agreement would require BB&T to reimburse FDIC upon

BB&T's recovery from Maxwell.  Moreover, pursuant to a recent decision of this

Court, it is clear that Maxwell is not an intended third party beneficiary of the

Purchase and Assumption Agreement and therefore "lacks standing to enforce its

interpretation of that Agreement."   Interface Kanner, LLC v. JPMorgan Chase

Bank, 704 F.3d 927, 934 (11th Cir. 2013).

For the foregoing reasons,[3] the judgment of the district court is

AFFIRMED.

---

[3]    The motion to take judicial notice of the Purchase and Assumption Agreement is GRANTED.   All other pending motions are DENIED.